■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE SMITH, Appellant.— Judgment insofar as it imposes sentence upon defendant unanimously reversed, sentence vacated and matter remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant pleaded guilty to robbery in the third degree in Erie County Court on April 8, 1970 and on May 4, 1970 was sentenced to the custody of the Department of Correction for an indeterminate term of not more than seven years. At the time of the sentencing, when defendant was asked if there was any legal cause to show why he should not be sentenced, his counsel stated that defendant was a drug addict, that he did not know if defendant had been investigated concerning narcotics, but that he wanted to inform the court of the situation. The court also had before it a probation report recommending such an examination. Section 207 of the Mental Hygiene Law provides in part that "Every person * * * who, while in custody or when he appears before the court, shall state, indicate or show symptoms, or it otherwise appears, that he is a narcotic addict, shall undergo a medical examination to determine whether he is a narcotic addict." However, the court disregarded the information about narcotics and sentenced defendant without a medical examination. An examination and finding concerning defendant's status as an addict is required, and he should be resentenced in accordance with the procedures mandated by sections 207 and 208 of the Mental Hygiene Law. (*People* v. *Woodward*, 36 A D 2d 1018.) (Appeal from judgment of Erie County Court convicting defendant of robbery, third degree.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Cardamone, JJ.